UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| PIERRE CLESHAY ALMOND, # 458653, ) | |
| ) | |
| Petitioner, ) | Case No. 1:07-cv-485 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| JOHN PRELESNIK, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | |
| _____) | |

This habeas corpus proceeding is before the court on petitioner's timely objections to the report and recommendation of the magistrate judge. Acting pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the District Courts, the magistrate judge reviewed the petition, concluding that it was barred by the one-year statute of limitations applicable to habeas corpus proceedings. 28 U.S.C. § 2244(d)(1). The magistrate judge found that petitioner's state-court conviction became final on October 13, 2005, when the Michigan Supreme Court denied leave to appeal on direct review. The statute of limitations expired on January 12, 2007, but this habeas corpus action was not filed until May 3, 2007. This court affords *de novo* review to petitioner's objections. FED. R. CIV. P. 72(b).

In his objections, petitioner does not contest the time calculations of the magistrate judge, but raises a single issue: equitable tolling. Petitioner asserts that he did not learn of the entry of the order of the Supreme Court, dated October 13, 2005, until August 18, 2007. Petitioner faults

his attorney, Douglas Baker, for failing to notify him of the state Supreme Court's decision to deny the application for leave to appeal.

The Supreme Court has recognized the applicability of the doctrine of the equitable tolling to habeas corpus actions governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). A petitioner seeking equitable tolling has the burden of establishing two propositions: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007); *accord, Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner's assertion of equitable tolling falters on the first element. Petitioner has not shown diligence in his efforts to keep apprised of the progress of his state-court appellate proceedings. Counsel filed the application for leave to appeal on March 15, 2005. By petitioner's own admission, he did not inquire into the status of that proceeding until April 2007, over two years later. Diligence would certainly require that a litigant represented by counsel would inquire into the status of proceedings well before two years had elapsed. Under petitioner's theory of equitable tolling, if he had waited five years to inquire about the status of the state-court proceedings, the statute of limitations would have remained tolled for the entire time. Recognition of equitable tolling in these circumstances would allow negligent counsel, aided and abetted by a negligent client, to forestall the running of the statute of limitations indefinitely. The exercise of diligence would have required petitioner to make some inquiry, either of his counsel or of the state Supreme Court, after approximately six months had elapsed. Even if petitioner had waited an entire year in which to inquire, he still would have been safely within the period of limitations. His neglect to inquire for over two years disables petitioner from establishing that he exercised diligence in pursuing his appellate rights. Furthermore, the court notes that petitioner was not constitutionally

entitled to counsel in seeking discretionary review with the state Supreme Court, so that an assertion of ineffective assistance of counsel would not be meritorious in these circumstances. *See Wainwright v. Torna*, 455 U.S. 586 (1982).

Upon *de novo* review of petitioner's assertion of equitable tolling, the court finds that petitioner cannot establish the exercise of diligence in the circumstances of this case. The petition will therefore be dismissed as untimely.


Date:   June 18, 2007                          /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               CHIEF UNITED STATES DISTRICT JUDGE